UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NAJMA JUMA IBNTALAL,<br><br>                              Plaintiff,<br><br>          -against-<br><br>PATH DHS DEPARTMENT OF HOMELESS SERVICES; NYPD; THE CITY OF NEW YORK, NYC COMPTROLLER; LINCOLN MEDICAL CENTER, NYC + HEALTH & HOSPITALS; 107TH POLICE PRECINCT, NEW YORK POLICE DEPT., As well as 44th Police Precinct in Bronx; NYC & Health & Hospitals,<br><br>                              Defendants. | 22-CV-1500 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983. Shortly after filing this action, Plaintiff filed an amended complaint. (ECF 8.) She alleges in the amended complaint, among other things, that on November 20, 2019, security guards used excessive force against her outside the New York City Department of Homeless Services (DHS) PATH Assessment Center in Bronx County, New York.

By order dated March 29, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of the filing fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see* Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). The Court must

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The Supreme Court has held that, under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff Njama IbnTalal alleges the following facts in her amended complaint. Since December 27, 2017, Plaintiff has had problems with discrimination and harassment at DHS shelters. On November 15, 2019, Supervisor "Brown" told Plaintiff that she must go to the PATH

Assessment Center to submit her letter of complaint. Plaintiff does not specify the nature of her complaint but states that she was told there would be "a shelter in place with a cooking facility." (ECF 8 at 5.)

On November 20, 2019, Plaintiff went to the PATH Assessment Center in Bronx County, New York, but a "supervisor stopped the employee from submitting the letter" and stated that they "cannot provide [Plaintiff] any services anymore." (*Id.*) Plaintiff demanded that the letter be submitted, and another supervisor "threatened to physically remove" Plaintiff. (*Id.*)

Plaintiff was outside the facility when "two female security officers came out and physically assaulted" her. (*Id.* at 5-6.) Plaintiff's "head hit the floor," her "arm was twisted violently, and a handcuff designed to harm [her] was put on" her. (*Id.* at 6.) DHS emergency personnel in an "unmarked ambulance" took Plaintiff to Lincoln Medical Center, a New York City Health and Hospitals Corporation (H+HC) facility. There, Plaintiff was "assaulted again," though it is unclear who is alleged to have done so. A doctor removed Plaintiff's hijab and asked her questions. Plaintiff was told that she would need to remove her clothing to be examined. (*Id.*) The nurse returned and said that Plaintiff is a "shelter shopper." (*Id.*)

At some point, Plaintiff left Lincoln Medical Center. She eventually went to the 107th Police Precinct in Queens County, New York, but she was told that the NYPD would not "[t]ake a report against a NYC agency." (*Id.*) Someone at the 107th Precinct "called 911 to take [Plaintiff] to a Queens Hospital." (*Id.*) At the hospital in Queens, employees would only document that Plaintiff complained of wrist pain, and would not document that she had a "ruptured vein." (*Id.*) A nurse at the hospital in Queens told Plaintiff that documents showed that she was still under the care of the "Bronx Hospital," which the nurse understood to mean that Plaintiff was "in the mental ward," though the nurse could not confirm this. Unknown employees

of the New York City Administration for Children's Services (ACS) have "defamed" Plaintiff to

her friends and family "to the point of no return." (*Id.*)

Plaintiff lists a mailing address for herself at a residence in Queens County, New York.

She seeks $3 million in damages for the "constant discrimination against [her] religious identity,"

and "discrimination against [her] daughter's disability." (*Id.*) She further alleges that the City of

New York has failed to provide "immediate education" for her daughter.[1] Plaintiff sues the New

York City Police Department (NYPD) and its 44th and 107th Precincts; Lincoln Medical Center;

"PATH DHS"; H+HC; and the City of New York.

## DISCUSSION

### A.    Improper Defendants

Suits against New York City agencies generally must be brought against the City of New

York rather than against the agencies themselves. *See* N.Y. City Charter ch. 17, § 396 ("[A]ll

actions and proceedings for the recovery of penalties for the violation of any law shall be brought

in the name of the city of New York and not in that of any agency, except where otherwise

provided by law."); *Hall v. City of White Plains*, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002)

("Under New York law, departments which are merely administrative arms of a municipality do

not have a legal identity separate and apart from the municipality and cannot sue or be sued.").

Plaintiff sues the NYPD, Police Precincts 44 and 107, and DHS. Because the NYPD and

DHS are agencies of the City of New York, Plaintiff's claim against these agencies must be

brought against the City of New York, which is also named as a defendant in this action.

---

[1] Plaintiff has another pending action in which she raises claims regarding her child's schooling in Suffolk County, New York. *See IbnTalal v. The Supreme Court of New York Cnty.*, 1:22-CV-01476 (LTS) (S.D.N.Y. Feb. 24, 2022) (transferred to the Eastern District of New York, where it was assigned case number 22-CV-01165).

Plaintiff also sues Lincoln Medical Center, a facility operated by H+HC. Although the H+HC has the capacity to be sued, *see* N.Y. Unconsol. Laws § 7385(1), Lincoln Medical Center, as a facility within the H+HC, lacks the capacity to be sued. *See, e.g.*, *Ochei v. Coler/Goldwater Mem'l Hosp.*, 450 F. Supp. 2d 275, 288 (S.D.N.Y. 2006) ("[A] facility owned and operated by HHC . . . may not be sued in its independent capacity"); *Ayala v. Bellevue Hosp.*, No. 94-CV-1551 (WHP), 1999 WL 637235, at *3 (S.D.N.Y. Aug. 20, 1999) ("[S]ince Bellevue is merely a facility within HHC, it too lacks the capacity to be sued."). Plaintiff's claims against Lincoln Medical Center must therefore be brought against H+HC, which is also named as a defendant in this action.

The Court therefore dismisses Plaintiff's claims against the NYPD, Police Precincts 44 and 107, DHS, and Lincoln Medical Center because these entities lack the capacity to be sued. The Court considers below whether Plaintiff states a claim against the City of New York or H+HC.

**B.    Municipal Liability**

When a plaintiff sues a municipality such as the City of New York under section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011).

In other words, to state a section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the

5

policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Here, Plaintiff makes a conclusory allegation that DHS engaged in religious discrimination, but she does not plead any facts about what policy, custom, or practice of DHS caused a violation of her rights. Plaintiff also suggests that her daughter suffered unspecified discrimination on the basis of her disability, which is also not specified. Even assuming that Plaintiff has standing to raise claims about injury to her daughter, Plaintiff does not plead any facts about what policy, custom, or practice of DHS discriminated against Plaintiff or her daughter on the basis of disability.

Plaintiff may also intend to bring claims against the City of New York based on her interactions with ACS. Plaintiff alleges that ACS "defamed her" (ECF 8 at 9), but she does not give any facts about what was said or to whom. There are also no factual allegations in the amended complaint describing how any policy, custom, or practice of ACS caused a violation of Plaintiff's constitutional rights.

To state a claim against H+HC, a plaintiff likewise must plead facts showing that H +HC has a policy, custom, or practice that violated the plaintiff's rights. *Rookard v. Health & Hosp. Corp.*, 710 F.2d 41, 45 (2d Cir. 1983) (for a section 1983 claim against the HHC, a plaintiff must assert facts that satisfy *Monell*'s municipal liability requirements). Allegations that an individual H+HC employee did something that violated Plaintiff's rights are insufficient to state a claim under section 1983 against H+HC. Here, although Plaintiff states that she was "assaulted" at Lincoln Medical Center and characterized as a "shelter shopper" (ECF 8 at 8), she does not plead any facts about how any policy, custom, or practice of H+HC caused a violation of her

constitutional rights. Plaintiff thus fails to state a section 1983 claim against either the City of New York or H+HC.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim under section 1983, the Court grants Plaintiff 60 days' leave to further amend her complaint to detail her claims.

If Plaintiff asserts a claim against the City of New York or H+HC in her second amended complaint, she must plead facts showing that the entity had a policy, custom, or practice that caused a violation of her constitutional rights. If Plaintiff asserts claims against an individual who violated her rights, such as the security guards who allegedly assaulted her at the DHS assessment center in the Bronx, or an individual who assaulted Plaintiff at Lincoln Medical Center, she must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of her federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[2]

---

[2] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2010, at Sullivan Correctional Facility, during the 7-3 p.m. shift." The naming of

In the "Statement of Claim" section of the second amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the second amended complaint that Plaintiff wants the Court to consider in deciding whether the second amended complaint states a claim for relief. That information should include:

a)  the names and titles of all relevant people;

b)  a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)  a description of the injuries Plaintiff suffered; and

d)  the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's second amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's second amended complaint will completely replace, not supplement, the amended complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the second amended complaint. The Court cautions Plaintiff, however, that her claims arising in Queens County, New York, that are already pending in the

---

John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending her complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

Eastern District of New York, should not be included in this action. *See IbnTalal v. The Supreme Court of New York Cnty.*, 22-CV-01165 (E.D.N.Y.).

C.      **ECF Filing Privileges and Appointment of Pro Bono Counsel**

Plaintiff has consented to electronic service of documents (ECF 5), and she also seeks permission for electronic case filing privileges (ECF 6) and requests *pro bono* counsel (ECF 7). Plaintiff has the option of submitting documents electronically to the email box for *pro se* litigants, and there is no indication in Plaintiff's request that this means of electronic transmission of documents to the Court is ineffective. The Court therefore denies Plaintiff's request for electronic case filing privileges (ECF 6) without prejudice to renewal of the request.

Turning to Plaintiff's application for *pro bono* counsel, the factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because Plaintiff's amended complaint fails to state a claim on which relief can be granted, Plaintiff's motion for counsel is denied, without prejudice to renewal at a later date.

**CONCLUSION**

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Second Amended Complaint," and label the document with docket number 22-CV-1500 (LTS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse

9

such failure, the amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court denies Plaintiff's requests for electronic case filing privileges (ECF 6) and *pro bono* counsel (ECF 7), without prejudice to renewal of these requests after the Court has considered any second amended complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   April 4, 2022
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                   Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes     ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.  BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐  **Federal Question**

☐  **Diversity of Citizenship**

### A.  If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.  If you checked Diversity of Citizenship

#### 1.  Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
                   (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                        (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                      Middle Initial          Last Name

_____

Street Address

_____

County, City                            State                   Zip Code

_____

Telephone Number                        Email Address (if available)

Page 3

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                 Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                 Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                              State                 Zip Code

Defendant 4:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.