UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NAJMA JUMA IBNTALAL,

Plaintiff,

-against-

CITY OF NEW YORK,

Defendant.

22-CV-1500 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Suffolk County, New York, is proceeding *pro se* and *in forma pauperis*. She brought this action alleging that Defendants violated her rights and those of her daughter. On March 2, 2022, she filed an amended complaint as of right.[1] By order dated April 4, 2022, the Court directed Plaintiff to file a second amended complaint to address deficiencies in her amended complaint.

Plaintiff filed a second amended complaint on June 3, 2022, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must

[1] Plaintiff also purports to file this second amended complaint on behalf of her minor child as an additional plaintiff. As set forth in the Court's April 2022 order, as a non-attorney, Plaintiff cannot pursue this action on behalf of her child. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005) (holding that it is "a well-established general rule in this Circuit that a parent not admitted to the bar cannot bring an action *pro se* in federal court on behalf of his or her child"). The Court therefore deems Najma Ibn Talal the sole plaintiff in this action.

also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

In her second amended complaint, Plaintiff invokes the Court's federal question jurisdiction and states that she brings this action under Penal Code § 120.00.[2] ECF 15 at 2. Her claims arose throughout the decade from 2011 to 2022. *Id.* at 5. She sues the City of New York, seeking $20 million in damages and asserts that she has "the right to evacuate." *Id.* at 6.

Plaintiff attaches to the second amended complaint form a 9-page statement that is written in single-spaced type without paragraphs. Plaintiff's original complaint principally asserted claims arising from events in Bronx County. In this statement, Plaintiff describes events that allegedly took place in multiple locations in New York (Nassau, Suffolk and Bronx Counties), Connecticut, and other States. The statement begins as follows:[3]

> On November 20, 2019 There was an attempted murder committed against me for the fourth time in the state of New York. Prior to this I visited the The coalition for the homeless in person and was told to file a letter in my own words and head over to DHS with it. . . This letter I was carrying around in the city of New York, caused havoc. I was set up by a group of people where proof of me being there was disposed but luckily I received a ticket from NYPD Traffic police that day, thank you. There was a lady impersonating an official from the DHS administration, stating that she can not physically accept the letter, path has to put it through their CAIR system. . . . This was stated by a DHS administrator who stated her name is Ms Francis and found out later that day there's only a Ms Brown. . . . This was the first time since 2016 my daughter was in a daycare center or real educational center, she was placed in schools for only a week after there was proof of assault occurring against my daughter, and THE STATE OF NEW YORK WOULD NOT DOCUMENT! THEY WOULD NOT SERVE ME AND MY DAUGHTER! BUT WASTE PRECIOUS TIME OF OUR LIVES WITH THEIR GAMES, LIES AND TORTOUS BEHAVIORS. The school my daughter was placed by, was an area I was forced to attend when I was 13-15, I was assaulted in this school every month for being the only afro Moroccan. I've had teachers say 'fucking Muslims, repeatedly" In my classrooms. I was pulled from classes to work for the principal and Assistant principal, so my education was taken from me a long time ago. This area not only brings back bad memories, it was also the area that refused to file a police report, provide medical treatment

[2] This appears to be a reference to New York Penal Code § 120.00, which is for Assault in the Third Degree.

[3] All punctuation, grammar and spelling in the quoted material is from the original.

> and real documentation in regards to my injuries that took place in Bronx, NY and my daughters educational services were affected as DHS called my Daughters School and the parent coordinator would not give me my daughter until I told her someone else will be picking up and dropping for my daughter on November 20, 2019. This is the area I witnessed children being kidnapped, children my age! In the City of New York after 9/11 and witnessed it in Brentwood, NY in 2017-2018. On October 13, 2017, me and my daughter were set up by the Brentwood union school district and the Suffolk county police department, to be called a terrorist and that they did not have services for my daughter due to me speaking Arabic, which is false, I do not speak Arabic and even if I did, I am an American citizen . . . . I fled to New York City on December 17, 2017 officially. This is when my life turned to hell. I have been In the shelter since December 2017. . . . I've had hospitals in the state of New York refuse to file reports of abuse allegations of sexual and physical abuse against my daughter, and told because of her new unbacked diagnosis, I can not file a report that my daughter is not being normal since starting school in Birch family services and denied that she was severely lethargic, I thought my daughter was going to die that day, and this is not the first time I experienced attempted murder against my daughter and with this platform. . . No one in Brentwood, NY would provide proper equal medical treatment for me and my daughter, this followed me to Nassau and New York City . . . .I was punished for saving money for an apartment, kicked out of the shelter and put in a noncooking facility for months with my daughter who was not eating properly. . . . I am told I cannot interact with society yet. I am ignored by claims of severe neglect and abuse. . . .

ECF 15-1 at 1-3.[4] The statement continues in this vein, describing new and different issues.

Plaintiff's statement concludes with a description of matters taking place outside the State of New York:

> [S]omeone tampered with my car on congress ave in Waterbury Connecticut. They were doing and imitating all of the bad experience I had in New York which followed me to Connecticut and Pennsylvania and New Jersey. Connecticut, especially after giving schools permission to talk, allowed a child protective service staff members and social services members to violate not only mine but my innocent child's right to protection and human rights, My daughters safety was threatened because CPS called people I haven't seen and haven't seen in a long time, My sisters rights NI were violated as well, to tell them that I have been living in my car and that I collect garbage and that I am scamming the

---

[4] Plaintiff brought another action in this Court raising claims regarding her child's schooling in Suffolk County, New York. *See IbnTalal v. The Supreme Court of New York Cnty.*, 1:22-CV-01476 (LTS) (S.D.N.Y. Feb. 24, 2022). That action was transferred to the United States District Court for the Eastern District of New York, where it was assigned docket number 22-CV-01165.

> government and that I take drugs and god knows what else, next thing I know everyone is questioning me, disrespecting my rights' and my daughters. . . .

*Id.* at 9.

**DISCUSSION**

In the Court's April 2022 order granting Plaintiff leave to file a second amended complaint, the Court: (1) dismissed Plaintiff's claims against the New York Police Department (NYPD), Police Precincts 44 and 107, the Department of Homeless Services (DHS), and the Lincoln Medical Center because these entities can be sued only in the name of the City of New York, rather than in the name of the agency; (2) held that Plaintiff failed to state a claim against the City of New York because she did not allege the existence of a municipal policy, custom, or practice that caused a violation of her rights; and (3) granted Plaintiff leave to file a second amended complaint.

The Court explained what Plaintiff needed to include in her second amended complaint: "If Plaintiff asserts a claim against the City of New York or H+HC in her second amended complaint, she must plead facts showing that the entity had a policy, custom, or practice that caused a violation of her constitutional rights. If Plaintiff asserts claims against an individual who violated her rights, such as the security guards who allegedly assaulted her at the DHS assessment center in the Bronx, or an individual who assaulted Plaintiff at Lincoln Medical Center, she must name as the defendant(s) in the caption and in the statement of claim those individuals who were allegedly involved in the deprivation of her federal rights." (ECF 14 at 7.) Moreover, the Court directed Plaintiff that her "second amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief." (*Id.* at 8.)

In the second amended complaint, Plaintiff raises some serious concerns. She discusses many different matters; the events span more than a decade and arise from events taking place in New York (in the Bronx, which is within this district, and in Nassau and Suffolk Counties, which are not), Connecticut, and other States. Plaintiff names the City of New York as the sole defendant in the second amended complaint but many of the allegations are unrelated to Defendant City of New York, or its employees or agencies.

The Court is authorized to dismiss claims that go beyond the scope of the original lawsuit and the permitted amendment. *See, e.g. Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43 (2d Cir. 2012) ("District courts in this Circuit have routinely dismissed claims in amended complaints where the court granted leave to amend for a limited purpose and the plaintiff filed an amended complaint exceeding the scope of the permission granted."); *Grimes v. Fremont General Corp.*, 933 F. Supp. 2d 584, 597 (S.D.N.Y. 2013) (citing cases); *Sullivan v. Stein*, 487 F. Supp. 2d 52 (D. Conn. 2007) (dismissing claims as "beyond the scope" of the court's order).

Here, Plaintiff's second amended complaint far exceeds the scope of the original suit and the permission granted to replead those claims. Instead of clarifying her allegations regarding the particular incidents raised in the original complaint, Plaintiff has extensively broadened the scope of the allegations that she makes.

Moreover, the second amended complaint does not comport with Rule 8. It does not contain a short and plain statement showing that Plaintiff is entitled to relief; it fails to provide fair notice to the defendant of the nature of Plaintiff's claims in order to allow the defendant to answer and prepare for trial; and it in no way clarifies Plaintiff's original claims. The second

amended complaint does not plead facts showing how any policy, custom, or practice of Defendant City of New York caused a violation of her rights.

For all of these reasons, the Court dismisses Plaintiff's second amended complaint without prejudice for failure to comply with the Court's April 2022 order to amend.[5]

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

**CONCLUSION**

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice for failure to comply with the Court's April 2022 order to amend. The Court declines to grant Plaintiff further leave to amend. Judgment shall issue.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: August 1, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

[5] If Plaintiff seeks to bring a new suit limited to a particular event that occurred within this district, she may wish to contact the New York Legal Assistance Group (NYLAG) for assistance in drafting a complaint for a new action. A flyer with information is attached.

# Notice For Pro Se Litigants



**As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.**

**Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.**

**If you need the assistance of the clinic, please call 212-659-6190 and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.**

**Please be patient because our responses to your messages may be delayed while we transition to phone appointments.**

